

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

January 27, 1947

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-34

Re: (1) Salary of Dis-
trict Attorney
for the 28th
Judicial Dis-
trict.

(2) Traveling ex-
pense of the Dis-
trict Judge of
the 107th District
and of the Dis-
trict Attorney
for the 28th Dis-
trict.

Dear Sir:

Your letter of recent date requesting an opin-
ion from this department on the above subject matter is
as follows:

"This Department requests answers to the
following questions. Under the provisions of
H. B. 574, Chapter 300, page 472, General and
Special Laws of the 49th Legislature and desig-
nated Article 199, District 107 in Vernon's
Annotated Texas Civil Statutes. Section 4,
thereof states, 'After the effective date of
this Act, the District Attorney for the Criminal
District Court for Nueces, Kleberg, Kenedy,
Willacy and Cameron Counties shall serve the
28th Judicial District Court as designated by
this Act, and shall thenceforth be known as the
District Attorney for the 28th Judicial District
of Texas, ...' The Criminal District Attorney for
the Counties of Nueces, Kleberg, Kenedy, Willacy
and Cameron was paid an annual salary of $4500.00.
This $4500.00 being set-out in the Appropriation
Bill thus, '3. Salary of Criminal District Attor-
ney in districts composed of two or more counties

(Section No. 18, Chapter 465, Forty-fourth Legislature) .....$4500.00'. For your information we are now paying 52 District Attorneys at the rate of $4000.00 per year which will make for an expenditure of the $208,000.00 appropriated for these District Attorneys for the current fiscal year. The District Attorney for the 28th Judicial District beginning January 1, 1947 will be District Attorney No. 53. From what appropriation will the District Attorney for the 28th Judicial District be paid for his services for the period January 1, 1947 to August 31, 1947, and at what rate per Month? Is the balance in the $4500.00 appropriation now available to pay the District Attorney of the 28th District?

"The District Attorney of the 28th District, representing three counties and the District Judge of the 107th District, representing two counties will normally incur traveling expenses to be reimbursed them by the State under the provisions of Article 6820 V.R.C.S. Under this Article the District Attorney and the District Judge would be entitled to $300.00 and $200.00, respectively as a maximum reinbursement for any given fiscal year of the State. For your information the appropriation made for the current fiscal year reflects a total of $400.00 unallocated to any District. In other words this $400 represents a part of the $47,600.00 appropriated for the current fiscal year, which on September 1, 1946 was in excess of the amount needed to allocate a maximum to each District Attorney and each District Judge by districts under the provisions of Article 6820 V.R.C.S. with a maximum amount of $100.00 per county and not to exceed $600.00 for any district. On September 1, 1946 the Criminal District Attorney and the Criminal District Judge of the Criminal District Court representing Nueces, Kleberg, Kenedy, Willacy and Cameron Counties each had $500.00 allocated to their district for expenses for the current fiscal year. Each of these amounts of $500.00 will not, in all probability, be completely obligated during the last four months of 1946, at which time this court ceases to exist. In case either, or both, obligate the entire $500.00 during the last four months of 1946, would he, or they, be entitled to any further reimbursement for the first eight months of 1947 in their new status? Could the balance of the $500.00 for each respectively be used for reimbursement for any expenses incurred in their new status

after January 1, 1947?  Or would the District Attorney
be entitled to only 8/12 of $300.00 and the District
Judge entitled to only 8/12 of $200.00 provided they
incurred that much for the period January 1, 1947 to
August 31, 1947, inclusive?  In case the latter ques-
tion is answered in the affirmative, would it be prop-
er to use a part of the $400.00 above mentioned for re-
imbursement for this eight month period for any expen-
ses incurred using this limitation of 8/12 of $300.00
and 8/12 of $200.00, respectively?"

H. B. 574, Acts of the 49th Legislature, 1945,
page 472, reads in part as follows:

"Section 1.  Amend Sections 28, 103, and 107
of Article 199 of the Revised Civil Statutes of Texas and
all amendments thereto, so as to renumber the same and
thereafter read as follows:

"'That from and after the first day of January,
A. D. 1947, the 28th Judicial District of Texas shall
be composed of the Counties of Nueces, Kleberg, and
Kenedy, and shall be a Court of general jurisdiction,
with the jurisdiction conferred upon District Courts
by the constitution and laws of the State of Texas;
and in the County of Nueces, it shall have concurrent
jurisdiction with the 94th and 117th District Courts.

"'On the effective date of this Act, the Crimi-
nal District Court of Nueces, Kleberg, Kenedy, Will-
acy and Cameron Counties shall become a Court of
general jurisdiction, with the jurisdiction provided
by the Constitution and Laws of the State of Texas
for District Courts, and shall be composed of the
Counties of Willacy and Cameron, and thenceforth be
known as the 107th Judicial District of Texas; and
shall have concurrent jurisdiction with the 103rd
Judicial District Court within said two Counties;
provided that the 107th District Court shall give
preference to criminal cases.  The 103rd Judicial
District Court shall be a Court of general jurisdic-
tion, with the jurisdiction provided by the Consti-
tution and Laws of the State of Texas, and shall con-
tinue to be composed of the Counties of Willacy and
Cameron, but shall give preference to civil cases
and shall not, except in cases of emergency, be re-
quired to empanel Grand Juries.

"'Sec. 2.  All cases upon the docket of the Crim-

inal District Court of Nueces, Kleberg, Kenedy,
Willacy and Cameron Counties, in the Counties of
Nueces, Kleberg and Kenedy, shall, on the effec-
tive date of this Act be transferred by the Dis-
trict Clerks of said Counties to the docket of the
28th District Court, and the Judge of said 28th
District Court to which said cases shall be trans-
ferred, shall thereafter have power, authority,
and jurisdiction to try such cases so transferred
to such Court, and in addition to approve all
statements of fact, bills of exception, and to
make any and all orders, decrees and judgments
proper and necessary in any case theretofore tried
by the said Criminal District Court above named,
within said Counties; provided that any such ac-
tion or actions be taken within the same time lim-
its that would have governed the Judge of the Court
from which said cause or causes were transferred.

"'Sec. 3. All cases upon the docket of the
Criminal District Court of Nueces, Kleberg, Kenedy,
Willacy and Cameron Counties, in the Counties of
Cameron and Willacy, shall, on the effective date
of this Act, be considered as on file in the 107th
District Court, as herein denominated, and the
Judge of said 107th District Court, as herein de-
nominated shall have power, authority, and juris-
diction to try all such cases, and in addition,
to approve all statements of fact, bills of excep-
tion, and to make any and all orders, decrees,and
judgments proper and necessary in any cases there-
tofore tried by the said Criminal District Court,
hereinabove named, within said two Counties; pro-
vided, that any such action or actions be taken
within the same time limits that would have gov-
erned the Judge of the Court from which said cause
or causes were transferred.

"'Sec. 4. After the effective date of this Act,
the District Attorney for the Criminal District Court
for Nueces, Kleberg, Kenedy, Willacy and Cameron
Counties shall serve the 28th Judicial District Court
as designated by this Act, and shall thenceforth be
known as the District Attorney for the 28th Judic-
ial District of Texas, and at the next general elec-
tion such office shall be filled by the election of
a District Attorney for the 28th Judicial District
of Texas for the Counties of Nueces, Kleberg and Ken-
edy, said office to be voted upon by the qualified
voters of said three named Counties only.

"'The County Attorneys of Willacy and Cameron Counties shall, respectively, from and after the effective date of this Act, represent the State of Texas in all matters now handled by the above mentioned District Attorney for the above mentioned Criminal District Court within said respective Counties.

"'Sec. 5. Each term of Court within the 107th Judicial District shall begin on the first Mondays of January and July of each year, respectively, and may continue until the beginning of the succeeding term. The Judge of the 107th Judicial District Court, at his discretion, may hold as many sessions of Court in any term of the Court in either County in his district as may be deemed by him proper and expedient for the disposition of the Court's business, and the jurors therefor may be summoned to appear before such District Court at such times as may be designated by the Judge thereof.

"'Sec. 6. Nothing contained in this Act shall affect the present terms of the 28th and 103rd Judicial District Courts but said terms shall continue as now provided by law for said respective Courts.'" (Emphasis added)

The Supreme Court upholding the validity of the foregoing Act in the case of Westervelt v. Yates, 194 S.W. (2d) 395, made the following observations:

"The Act of the 49th Legislature provides that on its effective date the Criminal District Court of the five counties shall become a court of general jurisdiction, both civil and criminal, and shall be composed of the counties of Willacy and Cameron only, known as the 107th judicial district, and shall have concurrent jurisdiction with the 103rd district court within the said two counties, directs the transfer to the 28th district court of all cases in Nueces, Kleberg and Kenedy Counties pending on the docket of the said criminal district court, and the placing on the docket of the 107th district court of all cases in Cameron and Willacy Counties pending on the docket of the criminal district court, provides that the district attorney of the criminal district court shall serve as district attorney of the 28th judicial district, and that the county attorneys of Willacy and Cameron Counties

shall represent the State of Texas in criminal cases in said respective counties, and fixes the number of terms and times for the beginning and the ending of the terms of court in each of the two counties composing the 107th district."

We quote the provisions in judiciary section of the General Appropriations Act of the 49th Legislature for the Comptroller's Department found on pages 956 and 957 of General and Special Laws of Texas, 1945, pertaining to your first question:

|  | For the Years Ending | |
|---|---|---|
|  | August 31, 1946 | August 31, 1947 |
| "2. Salaries,including the $500.00 Constitutional allowance, of 52 District Attorneys at $4,000.00 per year. (As per Chapter 442, Acts of Second Called Session, (Forty-fourth Legislature)... | $208,000 | $208,000 |
| "3. Salary of Criminal District Attorney in districts composed of two or more counties (Section No. 18, Chapter 465, Forty-fourth Legislature)... | $ 4,500.00 | 4,500.00" |

It will be noted that since the effective date of H. B. 574 (January 1, 1947), the District Attorney for the Criminal District Court of Nueces, Kleberg, Kenedy and Willacy and Cameron counties has become the District Attorney for the 28th Judicial District of Texas. Therefore, Item 3 of the above quoted appropriation is not applicable.

You state in your letter that you are now paying fifty-two (52) District Attorneys at the rate of $4,000.00 per year out of Item 2 and that the District Attorney for the 28th Judicial District would make a total of fifty-three (53). Since the foregoing item specifically limits the payment of salaries to fifty-two (52) district Attorneys, said item is not available to the District Attorney for the 28th Judicial District.

Therefore, in answer to your first question, it is the opinion of this department that there is now no available appropriation for the salary of the District Attorney for the 28th Judicial District.

Article 6820, V.A.C.S., reads as follows:

"All district judges and district attorneys when engaged in the discharge of their official duties in any county in this State other than the county of their residence, shall be allowed their actual and necessary expenses while actually engaged in the discharge of such duties, not to exceed four dollars per day for hotel bills, and not to exceed four cents a mile when traveling by railroad, and not to exceed twenty cents a mile when traveling by private conveyance, in going to and returning from the place where such duties are discharged, traveling by the nearest practical route. Such officers shall also receive the actual and necessary postage, telegraph and telephone expenses incurred by them in the actual discharge of their duties. Such expenses shall be paid by the State upon the sworn and itemized account of each district judge or attorney entitled thereto, showing such expenses. In districts containing more than one county, such expenses shall never exceed in any one year $100.00 for each county in the district; provided that no district judge or attorney shall receive more than $600.00 in any one year under the provisions of this article. The account for said services shall be recorded in the official minutes of the district court of the county in which such judge or attorney resides, respectively."

Since the 28th Judicial District is now composed of three counties and the 107th Judicial District is now composed of two counties, the District Attorney for the 28th Judicial District will be entitled by virtue of the provisions of Article 6820 to his actual and necessary expenses not to exceed $300.00 in any one year. The District Judge of the 107th Judicial District will be entitled to his actual and necessary expenses not to exceed $200.00 in any one year by virtue of the provisions of Article 6820.

Item 5 of the Judiciary Section for the Comptroller's Department contains the following appropriation:

| | For the Years Ending | |
|---|---|---|
| | August 31, 1946 | August 31, 1947 |
| "5. District Judges and District Attorneys' expenses in Districts composed of two or more counties (per Article 6820 and Article 326K-37, Revised Civil Statutes of Texas, 1925)....... | $47,600.00 | $47,600.00" |

It is, therefore, the opinion of this department that you are authorized to pay the District Attorney for the 28th Judicial District his actual and necessary expenses for the current fiscal year not to exceed $300.00 and the District Judge of the 107th Judicial District his actual and necessary expenses for the current fiscal year not to exceed $200.00 out of Item 5, above quoted, provided that money is available.

## SUMMARY

(1)   There is at the present time no available appropriation for the salary of the District Attorney of the 28th Judicial District of Texas.

(2)   The Comptroller is authorized to pay out of monies appropriated in Item 5 of the Judiciary Section for the Comptroller's Department of the General Appropriation Act, 1945, the District Attorney for the 28th Judicial District his actual and necessary expenses of the current fiscal year not to exceed $300.00 and the District Judge of the 107th Judicial District his actual and necessary expenses for the current fiscal year not to exceed $200.00 provided money is available.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   John Reeves
     Assistant

APPROVED JAN. 27, 1947

ATTORNEY GENERAL

JR:djm:jrb

Approved Opinion Committee
      By BWB, Chairman